UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

**In re Tremont Securities Law, State Law and Insurance Litigation**

---

**This Document Relates To:**

**All Actions**

**Master Docket No.
08-Civ-11117 (TPG)**

ECF FILED

---

## OBJECTIONS OF DEFENDANTS KPMG LLP AND ERNST & YOUNG LLP TO THE PROPOSED FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE REGARDING SETTLEMENT AND RULES 23 AND 23.1

KPMG LLP ("KPMG") and Ernst & Young LLP ("E&Y"), by and through their

respective undersigned counsel, respectfully object[1] to Paragraph 25 (the bar order provision)

and request modification of Paragraph 27 (the judgment reduction provision) of the Settling

Defendants' proposed Final Judgment and Order of Dismissal with Prejudice Regarding

Settlement and Rules 23 and 23.1 (the "Proposed Judgment"), which  was filed on May 4, 2011,

and is attached as Exhibit L to the Joint Declaration of Andrew J. Entwistle, Reed R. Kathrein &

Jeffrey M. Haber in Support of Settlement (Docket No. 438).

### I.      The Bar Order Fails to Provide Mutuality, as Required by Law

The proposed bar order does not comply with the legal requirements set forth in the

Private Securities Litigation Reform Act ("PSLRA"), New York statutory law, and common law.

The bar order purports to bar KPMG and E&Y from bringing claims for contribution but does

not contain the mandatory reciprocal bar.[2]

---

[1] As non-settling defendants, KPMG and E&Y have standing to object because the proposed Final Judgment would cause both KPMG and E&Y to suffer "formal legal prejudice." *See In re Initial Pub. Offering Secs. Litig.*, 2007 WL 844710 (S.D.N.Y. Mar. 20, 2007) (quoting *Zupnick v. Fogel*, 989 F.2d 93, 98 (2d Cir. 1993)). KPMG and E&Y have attempted to resolve this issue without filing an objection with the Court, but were unable to get the settling parties to amend the language of the Proposed Judgment to comply with what is required under the law.

[2] Similarly, the bar order purports to bar KPMG and E&Y from bringing claims for indemnification but does not include a reciprocal bar.

The PSLRA mandates that, upon the entry of a settlement, the court shall enter a bar order that "shall bar all future claims for contribution arising out of the action – (i) by any person against the settlement covered person; and (ii) by the settling covered person against any person . . . ." 15 U.S.C. § 78u-4(f)(7); *see also Gerber v. MTC Elec. Tech. Co., Ltd.*, 329 F.3d 297, 309 (2d Cir. 2003) ("[T]he PSLRA has resolved this dilemma [between mutual or non-mutual bar orders] in favor of mutual bar orders."); *In re Initial Pub. Offering Sec. Litig.*, 226 F.R.D. 186, 201 (S.D.N.Y. 2005) ("The PSLRA's settlement discharge provision both mandates a mutual bar order and limits the scope of that bar order to contribution claims. This Court has no authority to deviate from the express wording of the statute."). Even in cases not governed by the PSLRA, courts – which are required to balance competing equities before approving non-mutual bar orders – strongly prefer mutuality. *See In re MTC Elec. Tech. S'holder Litig.*, 2005 WL 1322889, at *3-5 (E.D.N.Y. May 31, 2005) (engaging in competing equities analysis on remand from the Second Circuit, the court held that a mutual bar order for contribution or indemnity was most appropriate in consideration of the dangers of collusion between the settling parties, the Congressional determination that mutuality is favored, and the fact that mutuality provides a fair apportionment of damages between the settling and non-settling defendants). Further, under the New York General Obligation Law, "[a] tortfeasor who has obtained his own release from liability shall not be entitled to contribution from any other person." N.Y. Gen. Oblig. § 15-108(c); *see also DMJ Assocs., L.L.C. v. Capasso*, 2008 WL 4515799, at *2 (E.D.N.Y. Oct. 2, 2008) (under Section 15-108(c), dismissing contribution claims brought by settling defendants against third parties). Thus, under the PSLRA, New York statutory law, and common law, settling defendants must be barred from bringing contribution claims against non-settling defendants.

Accordingly, KPMG and E&Y respectfully submit the following language that preserves all other aspects of the Proposed Judgment, while ensuring full and proper compliance with

applicable law and protecting KPMG and E&Y's respective rights as non-signatories.[3]  Plaintiffs

have agreed to adding "To the extent permitted by applicable law . . ." to the beginning of the

provision. The second addition is intended to make the order reciprocal.  The language mirrors

the existing provision so as to ensure that the claims of non-settling defendants against settling

defendants are barred to exactly the same extent that settling defendants' claims against non-

settling defendants are barred.

> 25. **[To the extent permitted by applicable law, a]**ll Persons, including without
> limitation the Non-Settling Defendants in the Actions and any other Persons later
> named as defendants in the Actions, shall be permanently enjoined, barred and
> restrained from commencing, prosecuting or asserting any claims or actions for
> contribution, indemnity or otherwise against the Settling Defendants seeking, as
> damages or otherwise, the recovery of all or any part of any liability, judgment or
> settlement which they pay or are obligated to pay or agree to pay to the Settlement
> Class or the Settling Funds, as a result of such Persons' participation in any acts,
> facts, statements or omissions that were or could have been alleged in the Actions
> (whether under the Securities Act of 1933 or the Securities Exchange Act of 1934,
> state law, foreign law or otherwise) as claims, cross-claims, counterclaims, third-
> party claims or otherwise, whether asserted in the Actions in this Court or in any
> federal or state court or any other court, arbitration proceeding, administrative
> agency or other forum in the United States or elsewhere. **[To the extent
> permitted by applicable law, all Persons, including without limitation the
> Settling Defendants in the Actions, shall be permanently enjoined, barred
> and restrained from commencing, prosecuting or asserting any claims or
> actions for contribution, indemnity or otherwise against the Non-Settling
> Defendants seeking, as damages or otherwise, the recovery of all or any part
> of any liability, judgment or settlement which they pay or are obligated to
> pay or agree to pay to the Settlement Class or the Settling Funds, as a result
> of such Persons' participation in any acts, facts, statements or omissions that
> were or could have been alleged in the Actions (whether under the Securities
> Act of 1933 or the Securities Exchange Act of 1934, state law, foreign law or
> otherwise) as claims, cross-claims, counterclaims, third-party claims or
> otherwise, whether asserted in the Actions in this Court or in any federal or
> state court or any other court, arbitration proceeding, administrative agency
> or other forum in the United States or elsewhere.]**

Based on our discussions with counsel for Plaintiffs, we anticipate that Plaintiffs may

argue that the proposed language is inappropriate because they do not want assignees to be

barred from bringing the assigned claims.  Such concerns, however, are not well-placed because

the Settling Defendants cannot assign contribution or indemnity claims.  The purpose of

---

[3] KPMG and E&Y's proposed language appears in bold and in brackets.  All other language is
unchanged from the Proposed Judgment.

settlement and bar orders is to achieve finality and to allow settling defendants to pay and achieve complete peace without the worry that non-settling defendants may later sue them for contribution to a later judgment. *See, e.g.*, *In re WorldCom, Inc. Secs. Litig.*, 2005 WL 613107, at *9 (S.D.N.Y. Mar. 15, 2005). The purpose is not to allow settling defendants to pay and then later seek contribution from non-settling defendants. *See In re MTC Elec. Tech. S'holder Litig.*, 2005 WL 1322889, at *3 (though a settling defendant may have overpaid to settle a case, "the overpayment was the premium it paid to avoid litigation risk and expenses," which are instead borne by the non-settling defendants). Because the settling defendants' contributions claims are cut off, settling defendants cannot assign their claims for indemnity or contribution. Though the Settling Defendants may have agreed to assign direct claims that the Rye Funds may have against KPMG and E&Y, Settling Defendants cannot assign claims for contribution or indemnity arising out of their settlement of the claims against the Rye Funds.

## II.   Paragraph 27 of the Proposed Judgment Should Be Modified

The Plaintiffs have informed us that they have no objection to replacing Paragraph 27 of the Proposed Judgment with the following:[4]

> Any final verdict or judgment that may be obtained by one or more of the Settling Plaintiffs or one or more members of the Settlement Class, bound by a final judgment approving this Stipulation, against the Non-Settling Defendants in the Actions shall be reduced, if required by law **to the fullest extent permitted by law**, by the amount of the consideration paid by the Settling Defendants pursuant to this Stipulation, or the amount that corresponds to the percentage of responsibility of the Settling Defendants, whichever is greater."

## CONCLUSION

For the foregoing reasons, KPMG and E&Y object to the Proposed Judgment and respectfully request that the Court direct counsel for the Settling Parties to modify the Proposed

---

[4] Language appearing in bold has been added. The initial proposed judgment order filed with the Court on February 25, 2011, was the basis of the discussions between counsel and listed the judgment reduction provision as Paragraph 26. The provision is now included as Paragraph 27 of the instant Proposed Judgment.

Judgment and any other documents,[5] as necessary, to be in full compliance with applicable law and reflect the mutually agreed changes of the parties.


Dated: New York, New York
May 11, 2011

SIDLEY AUSTIN LLP

By: _____
Gary F. Bendinger
(gbendinger@sidley.com)
Gregory G. Ballard
(gballard@sidley.com)
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599

WILLIAMS & CONNOLLY LLP
John K. Villa (pro hac vice)
(jvilla@wc.com)
David A. Forkner (pro hac vice)
(dforkner@wc.com)
725 Twelfth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
**Attorneys for Defendant KPMG LLP**

GIBSON, DUNN & CRUTCHER LLP

By: _____ / by GG with permission
Lawrence J. Zweifach
(lzweifach@gibsondunn.com)
Sophia Khan
(skhan@gibsondunn.com)
200 Park Avenue, 47th Floor
New York, NY 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
**Attorneys for Defendant Ernst &
Young LLP**

---

[5] The Plaintiffs and counsel for the Tremont defendants have confirmed to KPMG and E&Y that the Settlement in no way limits, alters, amends, or modifies the rights of the Non-Settling Defendants to take discovery in any action involving an Assigned Claim or an Assigned Insurance Claim as permitted by applicable rule or law; and in connection with any action involving an Assigned Claim or Assigned Insurance Claim, the Settling Defendants agree to produce documents and/or persons for discovery as if they were party to the action involving the Assigned Claim or Assigned Insurance Claim.

## **CERTIFICATE OF SERVICE**

I, Gazeena K. Soni, hereby certify that on the 11th day of May, 2011, I caused true and accurate copies of the foregoing to be served by email and U.S. Mail, first-class postage prepaid, upon the parties listed on the attached Service List.

Gazeena K. Soni

## SERVICE LIST

Clerk of the Court
United States District Court for the Southern
District of New York
500 Pearl Street
New York, New York 10007


ENTWISTLE & CAPPUCCI LLP
Andrew J. Entwistle
Robert N. Cappucci
280 Park A venue, 26th Floor West
New York, NY 10017
(aentwistte@entwistle-law.com)


HAGENS BERMAN SOBOL SHAPIRO LLP
Reed R. Kathrein
Lee Gordon
715 Hearst Avenue
Suite 202
Berkeley, CA 94710
(reed@hbsslaw.com)

**Co-Lead Counsel for the State Law Actions**

BERNSTEIN LIEBHARD LLP
Jeffrey M. Haber
10 East 40th Street
22nd Floor
New York, NY 10016
(haber@bernlieb.com)

**Lead Counsel for the Securities Actions**

DECHERT LLP
William K. Dodds
1095 Avenue of the Americas
New York, NY 10036-6797
(william.dodds@dechert.com)
**Counsel for Oppenheimer Acquisition
Corporation and Oppenheimerfunds Inc.**

SKADDEN ARPS SLATE MEAGHER &
FLOM LLP
Seth M. Schwartz
Four Times Square
New York, NY 10036
(seth.schwartz@skadden.com)

**Counsel for Tremont Capital Management,
Tremont Group Holdings, Inc., Tremont
Partners, Inc., Rye Investment
Management, Harry Hodges, James
Mitchell, Lynn O. Keeshan, Patrick Kelly,
Robert I. Schulman, Rupert A. Allan,
Stephen Thomas Clayton, Stuart Potoge
and Cynthia J. Nicoll**


TANNENBAUM HELPERN
SYRACUSE & HIRSCHTRITT LLP
Jamie B. W. Stecher
900 Third Avenue
New York, NY 10022
(stecher@thshlaw.com)


BINGHAM MCCUTHEN LLP
Joseph L. Kociubes
One Federal Street
Boston, MA 02110
(joe.kociubes@bingham.com)

**Counsel for Massachusetts Mutual Life
Insurance Co., MassMutual Holding Trust
I, MassMutual Holding Company,
MassMutual Life Insurance Co.**

7

MORRISON & FOERSTER LLP
Jack C. Auspitz
Gary S. Lee
1290 Avenue of the Americas
New York, NY 10104-0050
(212) 468-8000
(212) 468-7900 (fax)
(jauspitz@mofo.com)

**Counsel for the Joint Official Liquidators of
Rye Select Broad Market Insurance
Portfolio LDC, Rye Select Broad Market
XL Portfolio Limited and Broad Market XL
Holdings Limited**

BERGER & MONTAGUE, P .C.
Sherrie Raiken Savett
Glen L. Abramson
1622 Locust Street
Philadelphia, PA 19103
(ssavett@bm.net)

**Counsel for the Individual Settling
Insurance Plaintiffs**

ROBBINS GELLER RUDMAN & DOWD
LLP
David A. Rosenfeld
Edward Y. Kroub
58 South Service Road, Suite 200
Melville, NY 11747
(drosenfeld@rgrdlaw.com)
WOLF HALDENSTEIN ADLER FREEMAN
& HERZ LLP
Daniel W. Krasner
Demet Basar
270 Madison Avenue
New York, NY 10016
(basar@whath.com)

**Co-Lead Counsel for the Insurance Actions**

8