UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
IN RE TREMONT SECURITIES LAW, : 
STATE LAW AND INSURANCE : Master File No.
LITIGATION : 08 Civ. 11117 (TPG)
------------------------------------------------------------:
This Document Relates to: :
State Law Action, 08 Civ. 11183 (TPG), :
Specifically to: :
 :
LAKEVIEW INVESTMENT, LP, on Behalf of : 11 Civ. 1851 (TPG)
Itself and All Other Similarly Situated Individuals :
and Entities Located in California, : ECF Case
 : Electronically Filed
       Plaintiff, :
 :
  - against - :
 :
ROBERT SCHULMAN, et al., :
 :
      Defendants. :
------------------------------------------------------------x

**OPPENHEIMER ACQUISITION CORP.'S REPLY IN
<u>FURTHER SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT</u>**

            David A. Kotler
            DECHERT LLP
            david.kotler@dechert.com
            902 Carnegie Center, Suite 500
            Princeton, New Jersey 08540
            Tel.: (609) 955-3200
            Fax: (609) 955-3259

            *Attorneys for Defendant Oppenheimer*
            *Acquisition Corp.*

**INTRODUCTION**

Plaintiff's purported three sentence "Opposition" to Oppenheimer Acquisition Corp.'s ("OAC") motion to dismiss does nothing at all to "oppose" any of the several independent legal bases for dismissing OAC from this case.

OAC's opening brief ("OAC Br.") demonstrates that OAC should be dismissed from this action pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6) because: (1) this Court lacks personal jurisdiction over OAC; and (2) even if this Court had jurisdiction over OAC, Plaintiff has failed to state a control person claim under California statutory law against OAC.[1]  Plaintiff does not even attempt to address -- let alone rebut -- OAC's argument that Plaintiff has failed to state a control person claim.  Hence, as courts in this District repeatedly have held, Plaintiff's utter neglect of OAC's Rule 12(b)(6) argument constitutes an abandonment of its control person claim against OAC; OAC should be dismissed from this action on this basis alone.

Moreover, Plaintiff devotes a mere three sentences -- and conclusory sentences at that -- in supposed "opposition" to OAC's jurisdictional argument.  Within its three sentences, Plaintiff declares (without citing any legal authority) that this Court may exercise personal jurisdiction over OAC based on a "control person" theory of jurisdiction that has been found not just to be unwarranted but unconstitutional.  Because Plaintiff does not (and cannot) allege any facts or provide any legal basis to establish this Court's jurisdiction over OAC, OAC should be dismissed from this action pursuant to Rule 12(b)(2).

---

[1]   Although Plaintiff's Complaint asserts two control person claims against OAC (Counts III and IV), Plaintiff concedes that Count IV (pertaining to the Market Fund) was dismissed by this Court's August 19, 2011 Final Judgment And Order Of Dismissal With Prejudice Regarding Settlement And Rules 23 And 23.1 ("Judgment").  Opp. at 2; *see* Judgment, 08 Civ. 11117, ECF No. 604.

1

## ARGUMENT

I. **PLAINTIFF HAS ABANDONED ITS CONTROL PERSON CLAIM AGAINST OAC**

It is well-recognized in this District that where "a plaintiff fails to address a defendant's arguments on a motion to dismiss a claim, the claim is deemed abandoned, and dismissal is warranted on that ground alone." *Volunteer Fire Ass'n of Tappan, Inc. v. County of Rockland*, No. 09 Civ. 4622, 2010 WL 4968247, at *7 (S.D.N.Y. Nov. 24, 2010); *see, e.g.*, *Puckowitz v. City of New York*, No. 09 Civ. 6035, 2010 WL 3632692, at *6 (S.D.N.Y. Sept. 17, 2010) (holding that "claims have been abandoned and will be dismissed" where plaintiff failed to present factual or legal arguments in response to defendant's motion to dismiss); *Brandon v. City of New York*, 705 F. Supp. 2d 261, 268 (S.D.N.Y. 2010) (dismissing claims as abandoned where plaintiff "did not raise any arguments opposing Defendants' motion regarding these two claims").

In its motion to dismiss, OAC set forth each of the reasons as to why Plaintiff has not and cannot state a control person claim against it pursuant to California Corporations Code Section 25504. OAC Br. at 10-15. Nowhere in its 19-page opposition brief (or in the three sentences that it devotes to OAC) does Plaintiff even acknowledge that it has asserted a Section 25504 control person claim against OAC, let alone attempt to respond to any of OAC's arguments as to the legal deficiencies with that claim. This complete failure by Plaintiff constitutes abandonment of its control person claim against OAC, and requires the dismissal of the Complaint against OAC.

## II. THIS COURT LACKS PERSONAL JURISDICTION OVER OAC UNDER CALIFORNIA LAW

Even if Plaintiff had not abandoned its substantive claim against OAC, OAC should be dismissed from this action for the independent reason that this Court lacks personal jurisdiction over OAC under California law.  By its silence in its opposition papers, Plaintiff properly concedes that OAC never has had any contact with California, much less the requisite "minimum contacts" necessary to satisfy the California long-arm statue.  Nonetheless, Plaintiff seeks to establish jurisdiction over OAC based on nothing more than its "allegations of control person liability."  Opp. at 4.  However, Plaintiff's singular, unsupported statement in support of this alleged ground for jurisdiction is contrary to California law.

### A. California Law Prohibits The Exercise Of Jurisdiction Over A Non-Resident Defendant Based Merely On "Control Person" Allegations

Contrary to Plaintiff's conclusory sentence, the notion that "control person" allegations suffice to establish jurisdiction has been rejected by California courts as "improperly trump[ing] the constitutional requirement of minimum contacts." *Eaton Vance Distribs., Inc. v. Grainger*, 2003 WL 1521896, at *6 (Cal. App. 3d Dist. Mar. 25, 2003).  Indeed, as recognized by the California courts in rejecting a plaintiff's attempt to rest personal jurisdiction solely on allegations of a Section 25504 violation, "while section 25504 provides a basis for establishing liability, it does not provide an independent basis for establishing personal jurisdiction." *Id.* at *5; *see also In re Baan Co. Sec. Litig.*, 81 F. Supp. 2d 75, 81-82 (D.D.C. 2000) (rejecting "control person" theory of jurisdiction as unconstitutional as it would allow jurisdiction over any defendant "domiciled or doing business any where on the face of the earth, based on the purchase of shares of publicly traded stock and the mere allegation of control over the entity which performed the act complained of").

3

Moreover, to the extent that Plaintiff is seeking to impute Tremont's California contacts to OAC by means of its vague "control person" theory, Plaintiff is seeking to circumvent "firm" California law establishing that "neither ownership nor control of a subsidiary by a foreign parent corporation, without more, subjects the parent to the jurisdiction of the state where the subsidiary does business." *F. Hoffman-La Roche, Inc. v. Superior Court*, 130 Cal. App. 4th 782, 797 (6th Dist. 2005); *see* OAC Br. at 9-10.  By merely alleging OAC's control person status (which Plaintiff then notably neglects to address in its Opposition), Plaintiff falls woefully short of demonstrating that OAC, as a non-resident parent, "exercise[s] control over its subsidiaries so as to render them a mere instrumentality of [OAC]." *Zero Motorcycles, Inc. v. Pirelli Tyre S.p.A.*, 802 F. Supp. 2d 1078, 1094 (N.D. Cal. 2011).  As such, there is no legal basis to impute Tremont's California contacts to OAC for jurisdictional purposes.

### B. Jurisdictional Discovery Is Completely Unwarranted

The Second Circuit has "generally refused to allow jurisdictional discovery where a plaintiff has failed to make a *prima facie* showing of personal jurisdiction." *In re Ski Train Fire in Kaprun, Austria on November 11, 2000*, 343 F. Supp. 2d 208, 217 (S.D.N.Y. 2004) (denying request for jurisdictional discovery where plaintiff failed to allege sufficient control to establish a *prima facie* showing of jurisdiction on a contact imputation theory).[2]  OAC's opening brief and accompanying declaration provide detailed facts demonstrating OAC's complete lack of contact with California (OAC Br. at 4-5), and Plaintiff does not even attempt to refute any of these facts.  Nor, as discussed above, does Plaintiff provide any basis for its assertion of a control person claim against OAC.  As such, jurisdictional discovery is wholly unwarranted where, as here, a

---

[2]   Plaintiff's request for jurisdictional discovery "is an issue of federal procedural law, requiring the application of Second Circuit precedents." *Id.* at 217.

plaintiff seeks to "engage in an unfounded fishing expedition for jurisdictional facts." *Gear, Inc. v. L.A. Gear Cal., Inc.,* 637 F. Supp. 1323, 1328 (S.D.N.Y. 1986).

## **CONCLUSION**

For the foregoing reasons, as well as those set forth in its moving papers, OAC respectfully requests this Court dismiss the claims against it for lack of personal jurisdiction, or in the alternative for failure to state a claim upon which relief can be granted.

Dated: Princeton, New Jersey
March 20, 2012

DECHERT LLP

By: /s/ David A. Kotler
David A. Kotler
david.kotler@dechert.com
902 Carnegie Center, Suite 500
Princeton, New Jersey  08540
Tel.: (609) 955-3200
Fax: (609) 955-3259

*Attorneys for Defendant Oppenheimer Acquisition Corp.*

14348322

5