UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| IN RE TREMONT SECURITIES LAW, STATE LAW AND INSURANCE LITIGATION : | Master File No. 08 Civ. 11117 (TPG) |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | |
| This Document Relates to: : | |
| STATE LAW ACTION, 08 Civ. 11183 (TPG), : and specifically to: | |
| : | |
| LAKEVIEW INVESTMENT, LP, on Behalf of Itself and All Other Similarly Situated Individuals : and Entities Located in California, | 11 Civ. 1851 (TPG) |
| : | ECF CASE |
| Plaintiff, | Electronically Filed |
| : | |
| - against - | |
| : | |
| ROBERT SCHULMAN, et al., | |
| : | |
| Defendants. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### THE TREMONT DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION FOR JUDGMENT ON THE PLEADINGS

SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Defendants
  Tremont Partners, Inc.,
  Tremont Group Holdings, Inc.,
  Robert Schulman, James V. Mitchell,
  Harry Hodges, Darren Johnston,
  Stuart Pologe and Patrick Kelly

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .... ii

ARGUMENT .... 1

I. LAKEVIEW'S CLAIMS ARE PRECLUDED BY SLUSA .... 1

A. The Claims Relate to "Covered Securities" .... 1

B. The Court Should Retain Supplemental Jurisdiction Over Any of Lakeview's Individual Claims .... 2

II. LAKEVIEW HAS NO CLAIM FOR A DECLARATION OF RIGHTS .... 4

III. THE COMPLAINT FAILS TO STATE A CLAIM UNDER THE CALIFORNIA CORPORATIONS CODE .... 5

A. The Statute's Exclusive Remedy – Rescission – Is Unavailable .... 5

B. The Complaint Fails To State a Claim Under the Code Against Defendants Mitchell, Hodges and Johnston .... 6

CONCLUSION .... 7

## TABLE OF AUTHORITIES

### CASES

Anti-Monopoly, Inc. v. Hasbro, Inc.,
    958 F. Supp. 895 (S.D.N.Y. 1997)..................................................................................5

Anwar v. Fairfield Greenwich Ltd.,
    728 F. Supp. 2d 372 (S.D.N.Y. 2010)..............................................................................2

Barron v. Igolnikov,
    09 Civ. 4471, 2010 WL 882890 (S.D.N.Y. Mar. 10, 2010) ...........................................2

Done v. HSBC Bank USA,
    CV 09-4878, 2010 WL 3824146 (E.D.N.Y. July 19, 2010) ..........................................4

Fisher v. Kanas,
    288 F. App'x 721 (2d Cir. 2008)......................................................................................2

In re Ford Motor Co. Ignition Switch Products Liability Litigation,
    19 F. Supp. 2d 263 (D. N.J. 1998) ..................................................................................4

In re Herald, Primeo and Thelma Funds Securities Litigation,
    09 Civ. 289, 2011 WL 5928952 (S.D.N.Y. Nov. 29, 2011) ..........................................2

In re J.P. Jeanneret Associates, Inc.,
    769 F. Supp. 2d 340 (S.D.N.Y. 2011)..............................................................................2

In re Kingate Management Ltd. Litigation,
    09 Civ. 5386, 2011 WL 1362106 (S.D.N.Y. Mar. 30, 2011) ........................................2

Lander v. Hartford Life & Annuity Insurance Co.,
    251 F.3d 101 (2d Cir. 2001).............................................................................................3

Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit,
    547 U.S. 71 (2006)............................................................................................................1

Moss v. Kroner,
    129 Cal. Rptr. 3d 220 (Cal. Ct. App. 2011) ....................................................................6

Pension Committee of the University of Montreal Pension Plan v. Banc of America
    Securities, LLC,
    685 F. Supp. 2d 456 (S.D.N.Y. 2010)..............................................................................2

Polo Ralph Lauren Corp. v. Chinatown Gift Shop,
    855 F. Supp. 648 (S.D.N.Y. 1994)...................................................................................4

Romano v. Kazacos,
    609 F.3d 512 (2d Cir. 2010)......................................................................................2

Valerio v. Boise Cascade Corp.,
    80 F.R.D. 626 (N.D. Cal. 1978)................................................................................3

Viterbi v. Wasserman,
    123 Cal. Rptr. 3d 231 (Cal. Ct. App. 2011)...........................................................5, 6

Winne v. Equitable Life Assurance Society of the United States,
    315 F. Supp. 2d 404 (S.D.N.Y. 2003)......................................................................3

## STATUTES

15 U.S.C. § 78bb(f)(5)(B)(i)(II)............................................................................................3

Federal Rule of Civil Procedure 12(c) .................................................................................1

Cal. Corp. Code § 25501 (West 2006 & Supp. 2012) ....................................................5, 6

Cal Corp. Code § 25504 (West 2006 & Supp. 2012) ..................................................5, 6, 7

Cal. Code of Civil Procedure § 1060 ...................................................................................4

The Tremont Defendants respectfully submit this reply memorandum of law in further support of their motion to dismiss the Complaint as against Tremont pursuant to Rule 12(c) of the Federal Rules of Civil Procedure and Title I of SLUSA.[1]

## ARGUMENT

### I. LAKEVIEW'S CLAIMS ARE PRECLUDED BY SLUSA

#### A. The Claims Relate to "Covered Securities"

In its Opposition Brief (Opp'n at 8-11), Lakeview seeks to avoid the bar of SLUSA by advancing an argument rejected by this Court and a number of other courts in this District, *i.e.*, it contends there are no covered securities at issue in this case because Lakeview invested in the Rye Funds, hedge funds that did not issue such securities. (See Mov. Br. at 7-8 & n.11.) In attempting to distinguish the prior opinions rejecting this argument, Lakeview asserts this case is different because the Complaint alleges fraud in connection with Lakeview's decision to stay invested in the Rye Funds – a decision purportedly made in reliance on Tremont's representations that the Rye Funds continued to enjoy steady returns through Madoff's purchase and sale of covered securities.[2] (Opp'n at 9.) This attempted distinction is unavailing because such "holder" claims plainly are barred by SLUSA, as numerous courts have held, including the Supreme Court, the Second Circuit and this Court. See, e.g., Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit, 547 U.S. 71, 89

---

[1] Unless otherwise defined herein, capitalized terms have the same meaning as in the Tremont Defendants' memorandum of law in support of their motion for judgment on the pleadings, filed January 31, 2012 ("Moving Brief" or "Mov. Br." (Dkt. 66)).

[2] The Broad Market Fund invested directly with Bernard Madoff, and the XL Fund invested indirectly with Madoff by purchasing limited partnership interests in the Broad Market Fund (the so-called "Reference Entity"). (XL PPM (Trans. Decl. Ex. C) at iv.) The XL Fund leveraged its investments in the Broad Market Fund by entering into total return swaps with one or more counterparties. (Id.)

(2006); Fisher v. Kanas, 288 F. App'x 721, 723 (2d Cir. 2008); Barron v. Igolnikov, 09 Civ. 4471, 2010 WL 882890, at *4 (S.D.N.Y. Mar. 10, 2010) (Griesa, J.).[3]

Because the Complaint alleges misrepresentations regarding the returns achieved by the Rye Funds as a result of Madoff's purchases and sales of covered securities, all of Lakeview's claims "necessarily allege," "necessarily involve" or "rest on" the purchase or sale of those securities; consequently, SLUSA applies to and bars these claims, regardless of whether the covered securities were purchased or sold by Lakeview, the Rye Funds or Bernard Madoff. Romano v. Kazacos, 609 F.3d 512, 522 (2d Cir. 2010).[4]

### B. The Court Should Retain Supplemental Jurisdiction Over Any of Lakeview's Individual Claims

Contrary to Lakeview's contention, there are no individual claims in this case that must be remanded to state court should this Court grant defendants' motion to dismiss pursuant to SLUSA. Indeed, if the Court grants the SLUSA branch of this motion, no claims will remain in this action,

---

[3] Moreover, as explained in In re J.P. Jeanneret Associates, Inc., 769 F. Supp. 2d 340 (S.D.N.Y. 2011), the "in connection with" requirement for SLUSA preclusion is met even though Madoff did not actually purchase or sell the covered securities underlying the reported returns and net asset values of funds such as the Rye Funds.  See id. at 361-63; see also Barron, 2010 WL 882890, at *3-4.

[4] Lakeview's reliance on Anwar v. Fairfield Greenwich Ltd., 728 F. Supp. 2d 372 (S.D.N.Y. 2010), and Pension Committee of the University of Montreal Pension Plan v. Banc of America Securities, LLC, 685 F. Supp. 2d 456 (S.D.N.Y. 2010), is misplaced.  The discussion of SLUSA in these cases is no longer good law given that neither decision applied the test for SLUSA preclusion adopted by the Second Circuit in Romano.  Further, as Judge Batts explained in In re Kingate Management Ltd. Litigation, 09 Civ. 5386, 2011 WL 1362106 (S.D.N.Y. Mar. 30, 2011), Anwar and Montreal Pension are factually distinguishable because the hedge funds in those cases allegedly had only a "cursory" connection to the purchase or sale of covered securities; in contrast, in this case, Lakeview alleges that "there was never any doubt that the assets [of the Rye Funds] would be placed under" Madoff's control for purported equities trading pursuant to his stated split-strike conversion strategy (Compl. ¶¶ 48, 52, 56, 60).  See In re Kingate, 2011 WL 1362106, at *8 (distinguishing Anwar and Montreal Pension); see also In re Herald, Primeo and Thema Funds Sec. Litig., 09 Civ. 289, 2011 WL 5928952, at *8 n.11 (S.D.N.Y. Nov. 29, 2011) (distinguishing Anwar and Montreal Pension on the additional ground that defendants in those cases were third party service providers to hedge funds which, unlike Tremont, "did not have a direct relationship" with the alleged mastermind of the Ponzi scheme at issue (Madoff in Anwar and Michael Lauer in Montreal Pension)).

2

as illustrated by one of the cases cited by Lakeview in its Opposition Brief, Winne v. Equitable Life Assurance Society of the United States, 315 F. Supp. 2d 404 (S.D.N.Y. 2003).  In Winne, the court held that plaintiffs' state law claims were barred by SLUSA because they alleged fraud in connection with the purchase and sale of covered securities, and were brought by plaintiff "on behalf of himself and a class of all others similarly situated." See id. at 410-13.  Judge Lynch dismissed the entire action pursuant to SLUSA, and no claims were remanded to state court.  See id. at 418; see also 15 U.S.C. § 78bb(f)(5)(B)(i)(II) (defining "covered class action" subject to dismissal under SLUSA as "any single lawsuit in which . . . one or more named parties seek to recover damages on a representative basis *on behalf of themselves and other unnamed parties similarly situated*" (emphasis added)); Lander v. Hartford Life & Annuity Ins. Co., 251 F.3d 101, 109 (2d Cir. 2001) (affirming dismissal of all claims pursuant to SLUSA where plaintiffs asserted claims "in their individual capacities and on behalf of a class").

There also is no merit to Lakeview's contention that its action involves only individual claims because its class claims (and only its class claims) purportedly were dismissed pursuant to the Final Judgment entered by this Court approving the Settlement of the Consolidated Actions.  (Opp'n at 2, 4.)  In reality, the Final Judgment dismissed the Consolidated Actions and the Released Claims, which included class, individual and derivative claims, *with prejudice*.  (Final Judgment (Dkt. 47) ¶¶ 13, 15.)  Thus, the scope of the Final Judgment was not limited solely to class claims.  Moreover, the Final Judgment did not cover Lakeview's action – or any other action previously commenced by a plaintiff who (like Lakeview) opted out of the Settlement Class.  Ironically, if, as Lakeview contends, the Final Judgment resolved Lakeview's action, the judgment would operate to bar the continued maintenance of this action (or any claim that could have been asserted in this action) in this or in any other court.  See, e.g., Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 648 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir. 1981).  But the Final Judgment left

3

this action untouched and the entire case – including Lakeview's putative class claims – remain pending before this Court.

Even if there is or could be any individual claim that survives dismissal pursuant to SLUSA, this Court should exercise supplemental jurisdiction over Lakeview's action and not remand it to state court, as Lakeview has requested. All of the claims alleged in Lakeview's Complaint arise out of the same operative facts alleged in the other related cases that remain pending before the Court. Indeed, the Judicial Panel on Multidistrict Litigation (the "MDL Panel") transferred this case to this Court because of the common issues of fact and law it shares with those other cases. (See generally Dkt. 20.) Moreover, this Court has devoted substantial time to addressing the issues raised in Lakeview's Complaint, making it inefficient at this juncture to detach the Lakeview action from the numerous other related cases before this Court so that it might proceed in a different forum. Under the circumstances, remand would result in "an unwarranted waste of time and judicial resources," making it appropriate for the exercise of supplemental jurisdiction here. Polo Ralph Lauren Corp. v. Chinatown Gift Shop, 855 F. Supp. 648, 651 (S.D.N.Y. 1994) (Griesa, J.); see also In re Ford Motor Co. Ignition Switch Products Liab. Litig., 19 F. Supp. 2d 263, 269-70 (D. N.J. 1998) (the factors favoring the exercise of supplemental jurisdiction were the "very same factors [that] were weighed by the MDL Panel in determining whether to transfer these cases to this court for consolidated pretrial proceedings").

## II. LAKEVIEW HAS NO CLAIM FOR A DECLARATION OF RIGHTS

In its Moving Brief, Tremont demonstrated that Lakeview's claim for a declaration of rights under Section 1060 of the California Code of Civil Procedure is both barred by SLUSA and legally insufficient. (See Mov. Br. at 8-10.) Lakeview's Opposition Brief does not address, much less dispute, the latter point, confirming that this cause of action should be dismissed for failure to state a claim for relief. See Done v. HSBC Bank USA, CV 09-4878, 2010 WL 3824146, at *3 n.5

4

(E.D.N.Y. July 19, 2010) (dismissing claim where plaintiff failed to respond to arguments made in support of a motion to dismiss); see also Anti–Monopoly, Inc. v. Hasbro, Inc., 958 F. Supp. 895, 907 (S.D.N.Y. 1997) ("[T]he failure to provide argument on a point at issue constitutes abandonment of the issue."), aff'd, 130 F.3d 1101 (2d Cir. 1997).

### III. THE COMPLAINT FAILS TO STATE A CLAIM UNDER THE CALIFORNIA CORPORATIONS CODE

Lakeview's claims under Sections 25401 and 25504 of the California Corporations Code (the Third and Fourth Causes of Action alleged in the Complaint) also fail to state a claim for relief against the Tremont Defendants. (See Mov. Br. at 10-12.)

#### A. The Statute's Exclusive Remedy – Rescission – Is Unavailable

As shown in the Moving Brief, Section 25501 of the California Corporations Code (the "Code") provides that a purchaser of securities may sue the seller "either for rescission or for damages (*if the plaintiff . . . no longer owns the security*)." Cal. Corp. Code § 25501 (West 2006 & Supp. 2012) (emphasis added). Lakeview does not dispute that it continues to hold its limited partnership interests in the Rye Funds, a fact that forecloses any claim against the Tremont Defendants under Sections 25401 and 25504 of the Code here. As the California Court of Appeal for the Fourth District held in Viterbi v. Wasserman, 123 Cal. Rptr. 3d 231 (Cal. Ct. App. 2011), as a holder of limited partnership interests, Lakeview's only available remedy is rescission, which may be obtained solely from the Rye Funds, the entities that sold limited partnership interests to Lakeview. The Tremont Defendants were not sellers of these securities and, accordingly, no claim under the Code lies against them. See id. at 236-43.

Lakeview attempts to distinguish Viterbi on the ground that the plaintiffs in that case asserted a claim under Section 25504.1 of the Code, as opposed to Section 25504. (Opp'n at 17.) Although irrelevant, this purported distinction is erroneous. The opinion in Viterbi expressly

noted that the complaint alleged claims *both* under Section 25504.1 *and* Section 25504 of the Code.  See Viterbi, 123 Cal. Rptr. 3d at 232-33.  The Viterbi court found that the plaintiff securities holders had only one potentially available remedy – rescission – but only against the seller of the securities.  See id. at 241-42.  The court reached this conclusion based on the plain language of Section 25501 (which specifies the remedies available for alleged violations of Sections 25401 and 25504 of the Code) and the absence of any evidence that the California legislature intended to define the term "rescission" beyond "its ordinary meaning."  Id. at 242.

Lakeview also relies on Moss v. Kroner, 129 Cal. Rptr. 3d 220 (Cal. Ct. App. 2011), an opinion of the California Second District Court of Appeal that declined to follow Viterbi and permitted a plaintiff securities holder to assert a claim for damages against an alleged secondary actor under Section 25504.  (See Opp'n at 17-18.)  As shown in Tremont's Moving Brief, the result in Moss is contrary to the plain language of the Code.  (See Mov. Br. at 11 n.13.)  It also is unsound because, taken to its logical extreme, it would permit a successful plaintiff to obtain an unwarranted windfall, *i.e.*, he not only could be made whole through an award of money damages, he also could reap an additional profit upon the sale of the securities he continues to hold.  Accordingly, Viterbi is the better-reasoned decision, and it compels the conclusion that the Claims under the Code alleged in the Third and Fourth Causes of Action of the Complaint should be dismissed as against all of the Tremont Defendants.

### B.    The Complaint Fails To State a Claim Under the Code Against Defendants Mitchell, Hodges and Johnston

In the Third and Fourth Causes of Action, Lakeview seeks to hold defendants James Mitchell, Harry Hodges and Darren Johnston liable under Section 25504 of the Code for the Rye Funds' alleged primary violations of Section 25401 of the Code on the theory that those individual defendants are employees of TPI or TPG, alleged control persons of the Rye Funds.  The fatal

6

flaw with this claim is that the Complaint fails to allege, as it must, facts sufficient to show that these employee defendants "materially aided in the act or transaction constituting the [primary] violation" of the statute.  Cal Corp. Code § 25504 (West 2006 & Supp. 2012).  Lakeview makes no argument, much less any showing, to the contrary in its Opposition Brief, warranting dismissal of these claims as against Messrs. Mitchell, Hodges and Johnston.

## CONCLUSION

For the reasons stated above and in the Moving Brief, the Tremont Defendants' motion for judgment on the pleadings should be granted in all respects.

Dated: New York, New York
       March 20, 2012

                        Respectfully submitted,

                        /s/ Seth M. Schwartz
                        Seth M. Schwartz (Seth.Schwartz@Skadden.com)
                        Jason C. Vigna (Jason.Vigna@Skadden.com)
                        SKADDEN, ARPS, SLATE,
                          MEAGHER & FLOM LLP
                        Four Times Square
                        New York, New York 10036
                        (212) 735-3000

                        Attorneys for Defendants
                        Tremont Group Holdings, Inc.,
                        Tremont Partners, Inc.,
                        Robert Schulman, Harry Hodges,
                        James V. Mitchell, Darren Johnston,
                        Stuart Pologe and Patrick Kelly